B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Jose Luis Birriel Rivera and Lydia Iris Ocasio Burgos | **DEFENDANTS**<br>First Bank Puerto Rico<br>Wigberto Lugo Mender<br>Chapter 7 Trustee |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Roberto Figueroa Carrasquillo<br>USDC#203614<br>R Figueroa Carrasquillo Law Office PSC<br>PO Box 186 Caguas PR 00726<br>Tel (787)744-7699 Fax (787)746-5294 Email rfigueroa@rfclawpr.com | **ATTORNEYS** (If Known)<br>Patricia I. Varela Harrison<br>Martinez & Torres Law Offices PSC<br>PO Box 192938 San Juan PR 00919-1183<br>Email pvarela@martineztorreslaw.com |
| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine validity of mortgage lien over the Debtors' residential real property.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Jose Luis Birriel Rivera and Lydia Iris Ocasio Burgos | BANKRUPTCY CASE NO.<br>18-05896/ESL | |
| DISTRICT IN WHICH CASE IS PENDING<br>District of Puerto Rico | DIVISION OFFICE<br>Old San Juan | NAME OF JUDGE<br>Hon Enrique S Lamoutte |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF<br>NONE. | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*[signature]*

| DATE<br>December 5, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Roberto Figueroa Carrasquillo<br>USDC #203614<br>R Figueroa Carrasquillo Law Office PSC |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>JOSE LUIS BIRRIEL RIVERA<br>LYDIA IRIS OCASIO BURGOS<br><br>DEBTORS<br><br>JOSE LUIS BIRRIEL RIVERA<br>LYDIA IRIS OCASIO BURGOS<br><br>PLAINTIFFS<br><br>V.<br><br>FIRST BANK PUERTO RICO<br><br>WIGBERTO LUGO MENDER, ESQ.<br>CHAPTER 7 TRUSTEE<br><br>DEFENDANTS | CASE NO 18-05896 ESL<br><br>CHAPTER 7<br><br><br>ADVERSARY PROC. NO.<br><br><br>COMPLAINT TO DETERMINE<br>VALIDITY OF LIEN<br>RULE 7001(2) FRBP |

## COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW, **JOSE LUIS BIRRIEL RIVERA and LYDIA IRIS OCASIO BURGOS,** the Plaintiffs/Debtors, through the undersigned attorney, and very respectfully state and pray as follows:

### I. INTRODUCTION AND NATURE OF REMEDY REQUESTED

1. This proceeding is brought by the Plaintiffs requesting this Honorable Court, pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure ("FRBP"), to determine the validity of a mortgage lien held by Defendant First Bank Puerto Rico over Plaintiffs' residential real property. In support of this Complaint, Plaintiffs state as follows.

## II. JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b). This action is a core proceeding.

## III. PARTIES

3. Plaintiffs Jose Luis Birriel Rivera and Lydia Iris Ocasio Burgos are the Debtors in the above captioned bankruptcy case, Case No. 18-05896 ESL7, U.S. Bankruptcy Court for the District of Puerto Rico.

4. Defendant First Bank Puerto Rico ("FirstBank") is a listed creditor in the Plaintiffs'/Debtors' bankruptcy case, having filed a proof of claim number 3-1 (POC #3-1), classified as a secured creditor in the sum of $159,391.47, claiming a security, a mortgage lien, over the Plaintiffs'/Debtors' residential real property, in the above captioned case.

5. Wigberto Lugo-Mender, Esq., is the appointed Chapter 7 Trustee, in the above captioned bankruptcy case.

## IV. STATEMENT OF FACTS

### A. The Property

6. On July 28, 2009, the Plaintiffs acquired a 100% property interest in a real property located at Borinquen Valley 2 Development 379 Capuchino Street Caguas Puerto Rico, (hereinafter "the Property").

7. The Property is described, in the Spanish language, as follows:

> "URBANA: Solar marcado con el numero trescientos setenta y nueve (379) en el Plan de inscripción de la Urbanización Borinquen Valley Phase II en el termino Municipal de Caguas, Puerto Rico, con un área superficial de trescientos (300) metros cuadrados. Colinda por el NORTE, con el

solar trescientos setenta y ocho en una distancia de doce punto cero metros lineales; por el SUR, con calle Capuchino en una distancia de doce punto cero metro lineales; por el ESTE, con el solar trescientos setenta y ocho en una distancia de veinticinco punto cero metros lineales; y por el OESTE, con solar trescientos ochenta en una distancia de veinticinco punto cero metros lineales.

Enclava una edificación."

### B. The Segregation and Sales Deed Number 54, the Mortgage Deed Number 184 and the Property Registry

8. On July 28, 2009, the Plaintiffs/Debtors ("Purchasers") and Borinquen Valley S.E. ("Seller"), executed a *Segregation and Sales Deed* (entitled in the Spanish language: *Escritura de Segregación y Compraventa*) Number 54, before Notary Public Patricia Blanco Bou.

9. The aforestated Deed Number 54 was presented or submitted to the Property Registry on October 10, 2009, at *asiento* 428 *diario* 1149 Caguas Section of the Puerto Rico Property Registry.

10. On July 28, 2009, the Plaintiffs executed a *Mortgage Note* *("Pagare Hipotecario")* in the sum of $166,268.00 in favor of RBS Mortgage Corp.

11. The aforementioned $166,268.00 mortgage note was guaranteed with a *Mortgage Deed* No. 184 entitled in the Spanish language <u>*Escritura de Hipoteca*</u>, executed on July 28, 2009, before Notary Public Rene Aviles Perez.

12. That on October 10, 2009, the aforementioned *Mortgage Deed* Number 184 was presented ("*presentada*") or submitted to the Puerto Rico Property Registry, Caguas Section, at *asiento* 429, *diario* 1149.

13. That as of the date of the present Complaint, the Property Registry's records/books reflect that more than nine years since the aforestated Deed No. 184 was presented or submitted to the Property Registry, the same is pending registration.

14. That upon information and belief, the Defendant FirstBank is the actual holder of said Mortgage Note in the sum of $166,268.00, having the same been transferred to FirstBank by endorsement.

15. That the above described *Mortgage Deed* No. 184 has not been duly recorded at the Puerto Rico Property Registry, Caguas Section, due to certain defects which prevent its registration.

16. An investigation of the Property Registry records/books concerning the Property revealed that the aforestated *Mortgage Deed* No. 184 has not been duly recorded since its collateral, the Property or lot number 379, has not been segregated and the same does not exist as a separate property which can be subjected to a mortgage lien.

17. The Property Registry records/books also reveal that the Property Registrar is unable to segregate the Property of lot number 379, due to a missing "government resolution" required to allow the segregation of said lot number 379.

18. As it stands, the Property or lot number 379 is still part of the Seller's (Borinquen Valley S.E.) original property *Finca* Number 52,592, recorded at *folio* 230 of *tomo* 1538, Caguas Section Puerto Rico Property Registry.

19. Since the aforestated "government resolution" was never issued, the Property Registrar is unable to segregate in order to register and create the Defendant's alleged mortgage lien (*Mortgage Deed* Number 184), concerning the Property.

### C. The Bankruptcy Court Proceedings

20. That on October 09, 2018, the herein Plaintiffs/Debtors filed the above captioned bankruptcy petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. 701 *et seq.*

21. That Defendant FirstBank is a listed creditor included in the Debtors' *Schedule E/F, Official Form 106E/F*, Docket No. 01, in the above captioned case.

22. That Defendant First Bank filed a proof of claim number 3-1 (POC #3-1), classified as a secured creditor in the sum of $159,391.47, claiming a security, a mortgage lien, over the Plaintiffs'/Debtors' residential real property, in the above captioned case.

### V. CLAIM

23. The allegations of paragraphs 1-22 above are re-alleged and are incorporated herein by reference.

24. To the extent FirstBank is claiming a security or a secured classification based on a mortgage lien which mortgage has not been recorded due to a failure to segregate lot number 379, FirstBank's mortgage lien is not a valid or perfected lien and, therefore, its unperfected security should be cancelled and/or annulled.

25. To the extent FirstBank is claiming a security or a secured classification based on a mortgage lien which mortgage has not been recorded due to a failure to segregate lot number 379, FirstBank's mortgage lien is not a valid or perfected lien and, therefore, FirstBank's claim (POC #3-1) must be classified as a "general unsecured claim", in the above captioned bankruptcy case.

## VI. PRAYER FOR RELIEF

26. Wherefore, Plaintiffs/Debtors pray that this Court enter a Judgment in favor of the Plaintiffs/Debtors and against the Defendant as follows:

(a) declaring that FirstBank's alleged mortgage lien over the Property located at Borinquen Valley 2 379 Capuchino Street Caguas, Puerto Rico is not a valid lien since the Defendant's mortgage deed was not properly recorded and thus, FirstBank does not hold a mortgage and cannot evidence its secured claim classification;

(b) declaring that FirstBank's claim (POC #3-1) is to be classified as a general unsecured claim, in the above captioned bankruptcy case; and

(c) granting such other or further relief as is appropriate.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court grant the present complaint, granting such and further relief as is appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 05th day of December, 2018.

/s/ROBERTO FIGUEROA CARRASQUILLO
USDC #203614
RFIGUEROA CARRASQUILLO LAW OFFICE PSC
ATTORNEY FOR PLAINTIFFS/DEBTORS
PO BOX 186 CAGUAS PR 00726-0186
TEL. 787-744-7699 FAX 787-746-5294
EMAIL: rfigueroa@rfclawpr.com